04/10/2015 16:53 FAX 5184759846          LAW OFFICES                        ☒008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEAN OLIVER

Plaintiff(s),

vs.

NEW YORK STATE POLICE

Defendant(s).

CIVIL COMPLAINT
PURSUANT TO
TITLE VII OF THE
CIVIL RIGHTS ACT,
AS AMENDED

1:15-CV-444
BKS/RFT

## JURISDICTION

1.   Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2.   Plaintiff:   Jean Oliver

Address:   2 South Shore Drive
Elma, NY 14059

Additional Plaintiffs may be added on a separate sheet of paper.

3.   a.   Defendant:   New York State Police

Official Position:

Address:   1220 Washington Avenue
Bldg 2.2
Albany, NY 12226

FORM E(1)(b).1

b.       Defendant: _____

         Official Position: _____

         Address: _____

         _____

         _____

4.    This action is brought pursuant to:

      ____  Title VII of the Civil Rights Act of 1964, as amended, codified at 42
            U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment
            discrimination based on race, color, religion, sex or national origin.

      ____  Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k),
            as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991,
            for employment discrimination based on pregnancy.

5.    Venue is invoked pursuant to 28 U.S.C. § 1391.

6.    Defendant's conduct is discriminatory with respect to the following (check all
      that apply):

            (A)   ____   My race or color.
            (B)   ____   My religion.
            (C)   ✓      My sex (or sexual harassment).
            (D)   ____   My national origin.
            (E)   ____   My pregnancy.
            (F)   N/A    Other: _____

7.    The conduct complained of in this action involves:

            (A)   ____   Failure to employ.
            (B)   ____   Termination of employment.
            (C)   ____   Failure to promote.
            (D)   ✓      Unequal terms and conditions of employment.
            (E)   ____   Reduction in wages.
            (F)   ✓      Retaliation.
            (G)   ____   Other acts as specified below:

            _____

            _____

FORM E(1)(b) .2

8.                                    **FACTS**

     Set forth the facts of your case which substantiate your claims.  List the
events in the order they happened, naming defendants involved, dates and places.

Note: You must include allegations of wrongful conduct as to EACH and EVERY
     defendant in your complaint. (You may use additional sheets as necessary.)

_____ *See attached* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9.                              **CAUSES OF ACTION**
  ·Note:    You must clearly state each cause of action you assert in
             this lawsuit.

                        **FIRST CAUSE OF ACTION**

    Discrimination Based On Sex in
violation of Title VII of the Civil Rights
Act of 1964 and as amended ("Title VII")

_____

_____

                        FORM E(1)(b).3

## SECOND CAUSE OF ACTION

Retaliation for exercise of
plaintiff's rights under Title VII

## THIRD CAUSE OF ACTION

Violation of plaintiff's rights
under the Equal Protection Clause
of the Fourteenth Amendment
of the United States Constitution

see additional page for
additional causes of action

10.   I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

Sept. 15, 2014
(Provide date)

11.   The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached) which was received by me on or about:

January 31, 2015
(Provide date)

12.   The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13.   The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14.   The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15.   PRAYER FOR RELIEF:

WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

1) DECLATORY JUDGEMENT THAT DEFENDANTS WERE ILLEGAL
UNDER EACH OF THE STATUTES AND CONSTITUTIONAL PROVISIONS CITED.
2) AN ORDER DIRECTING DEFENDANT TO RE-INSTATE PLAINTFF TO HER
POSITION AS AN INVESTIGADOR ASSIGNED TO CNET WITH A FULL
AND REGULAR COMPLEMENT OF JOB DUTIES

I declare under penalty of perjury that the foregoing is true and correct.


DATED:


_____
_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

3.   AN ORDER PROHIBITING DEFENDANT FROM TAKING ANY
FURTHER RETALIATORY OR DISCRIMINATORY ACTIONS AGAINST
PLAINTFF.

4.   AN ORDER DIRECTING DEFENDANT TO ISSUE A PUBLIC
STATEMENT EXONERATING PLAINTIFF AND TAKING RESPONSIBILITY
FOR ITS UNLAWFUL CONDUCT.

5.   COMPENSATORY DAMAGES IN AN AMOUNT TO BE PROVED AT
TRIAL FOR THE MENTAL DISTRESS, ANGUISH, PAIN AND
SUFFERING, ETC, PLAINTIFF HAS EXPERIENCED AS A RESULT
OF DEFENDANTS DISCRIMINATORY AND RETALIATORY WILLFUL
ACTS IN VIOLATION OF PLAINTIFFS RIGHTS.

6.   AN AWARD OF PUNITIVE DAMAGES TO THE EXTENT
PERMITTED BY TITLE VII

7.   AN AWARD OF COSTS

8.   SUCH OTHER AND FURTHER RELIEF AS THIS COURT
MAY DEEM JUST AND PROPER.

FORM E(1)(b).5

**Federal Complaint**
**Jean Oliver**
**Additional Causes of Action**

### Fourth Cause of Action

By virtue of the foregoing allegations, defendant discriminated against plaintiff in

violation of plaintiff's rights under §296 of the New York State Executive Law.

### Fifth Cause of Action

By virtue of the foregoing allegations, defendant retaliated against plaintiff in

violation of plaintiff's rights under §296 of the New York State Executive Law.

### Sixth Cause of Action

By virtue of the foregoing allegations, defendant violated plaintiff's rights under

the New York State Constitution Article 1, §11.

**Jean Oliver v. New York State Police**

**Attachment To Complaint**

## FACTS

1.    Plaintiff is a female who resides in New York State.

2.    At all times relevant to this complaint, plaintiff was employed by the NYSP and held the title of Investigator.

3.    Defendant NYSP is an agency of the State of New York and is responsible for

      law enforcement throughout the State of New York.

4.    Defendant NYSP is an employer within the meaning of 42 U.S.C. §2000 (e) (b).

5.    Defendant NYSP is located at 1225 Washington Avenue, Bldg. 22, Albany, New York.

6.    At all times relevant to this Complaint, the NYSP employed more than 300 employees.

7.    Plaintiff has been employed by the NYSP since October 23, 1997, when she became employed as a trooper.

8.    In 2005, plaintiff was promoted to the position of Investigator and assigned to the Batavia Downs Video Lottery Unit.

9.    Plaintiff had no issues with sexual harassment while assigned to the Batavia Downs Video Lottery Unit.

10.   In 2008, Plaintiff was assigned to the Community Narcotics Enforcement Team ("CNET") West based in Batavia.  CNET is a drug enforcement unit.

11.   As a member of CNET West, plaintiff was supposed to be responsible for participating in and initiating narcotics investigations to include undercover operations, writing and executing search warrants, and dealing with Confidential Informants.

12.   Upon reassignment to CNET West, plaintiff was harassed based on her gender by CNET West Regional Commander, Lt.  Martin McKee, and Senior Investigator Paul Kelly.  Senior Investigator Paul Kelly also sexually harassed plaintiff.

13. Lt. McKee is a supervisor within the meaning of Title VII of the Civil Rights Act of 1964 and the New York State Executive Law.

14. Senior Investigator Paul Kelly is a supervisor within the meaning of Title VII of the Civil Rights Act of 1964 and the New York State Executive Law.

15. Lt. McKee and Senior Investigator Kelly openly engaged in creating a hostile working environment towards plaintiff which further encouraged other male employees to engage in similar behavior towards female employees in CNET West, including plaintiff.

16. Senior Investigator Kelly and Lt. McKee discriminated against female employees in CNET West, by treating female employees in a condescending and demeaning manner which included being subjected to screaming and yelling by Senior Investigator Paul Kelly. Male employees were not subjected to this same level of harassment and were put in charge of larger investigations, which females were excluded from. Female employees were also not asked to participate in teaching/assisting at the undercover school, but male employee were.

17. Senior Investigator Kelly would advise plaintiff that he needed to go over a file with her and then proceed to stand in such close proximity to plaintiff that he was touching her while reviewing a file.

18. Senior Investigator Kelly repeatedly called plaintiff into his office to sit in a massage chair and pretend he had to fix it so he would put his head next to plaintiff's behind.

19. Plaintiff was sexually harassed by Investigator Jeremy Peterson, a co-worker who put his hands all over her.

20. Plaintiff had previously been subjected to sexual harassment by Troop A BCI Captain, John Hibsch, who tried to kiss plaintiff and engaged in other sexually provocative and intimidating conduct toward her. Senior Investigator Kelly openly shared the details of this confidential information in front of plaintiff and her co-workers.

21. None of this conduct was welcome, encouraged or condoned.

22. On October 15, 2013, Senior Investigator Kelly was assigned to plaintiff as her direct supervisor.

23. On October 26, 2013, pursuant to NYSP policy, plaintiff provided an initial report to regional EEO supervisor, Senior Investigator June Bradley outlining the gender discrimination and harassment she was being subjected to.

24. Plaintiff's discrimination/harassment complaint was sent by Senior Investigator Bradley to the NYSP Internal Affairs Bureau (IAB) Western Region for investigation.

25. In November 2013, pursuant to NYSP policy, plaintiff filed a formal complaint of gender and sexual harassment with regional EEO supervisor, Senior Investigator June Bradley and the NYSP Internal Affairs Bureau (IAB) Western Region.

26. After filing the complaint, plaintiff was immediately subjected to retaliation for having complained about gender and sexual harassment discrimination.

27. Defendant's action in re-assigning plaintiff who was the complainant and not the individuals who had engaged in the sexual harassment/discrimination was also an act of retaliation.

28. On November 19, 2013, plaintiff was reassigned to a new supervisor, Senior Investigator Timothy Bour on the pretext that plaintiff was not allowed to work with individuals about whom she had filed the complaint.

29. The reassignment to Senior Investigator Bour constituted retaliation because Senior Investigator Bour was assigned to the eastern region of CNET West and plaintiff had been assigned to the western region so plaintiff was forced to travel 2-3 hours more each way to do her work than she had when she was assigned to the western region.

30. Defendant's action in reassigning plaintiff who was the complainant and not the individuals who had engaged in the sexual harassment/discrimination was also an act of retaliation.

31. Upon her re-assignment to Senior Investigator Bour, Senior Investigator Bour began to retaliate against plaintiff by belittling her, laughing at her, telling her she had PTSD, and excluding her from operations.

32. On or about January 16, 2014, plaintiff's undercover duties were removed from her job responsibilities.

33. Major Wayne Olson told plaintiff that her undercover duties were taken away because she suffered from Post Traumatic Stress Disorder ("PTSD").

34. Plaintiff does not and never has had PTSD.

35. The reason provided by Major Olson for removing plaintiff's undercover duties were a pretext for retaliation.

36. False complaints were filed against plaintiff regarding an undercover operation.

37. The Cheektowaga Police were involved with the undercover operation relating to the false complaints that were made against plaintiff, and the Cheektowaga Police could have verified that the allegations filed against plaintiff relating to that undercover operation are false.

38. Defendant NYSP failed to investigate the veracity of the allegations made against plaintiff in connection with the undercover operation.

39. As part of allegation of plaintiff's sexual discrimination/harassment complaint, defendant collected written statements from employees. The written statements were included in a computer folder known as the "Share Drive". Documents on the "Share Drive" are available for all employees to review and are not confidential within the NYSP.

40. The inclusion of written witness statements on the "Share Drive" violated confidentiality and subjected plaintiff to additional harassment.

41. Plaintiff viewed on "Share Drive" some of the written statements that were submitted in connection with the investigation of my sexual discrimination/harassment complaint.

42. Since being assigned to CNET West, plaintiff was never restricted from going into her supervisor's office as operationally needed. In addition, following a conversation plaintiff had with Senior Investigator Bour on December 3, 2013, plaintiff was advised by Senior Investigator Bour that she could use his office anytime she needed to. On December 17, 2013, plaintiff had gone into Senior Investigator Bour's office to attempt to locate a daily activity report when she inadvertently found a hand-written note between Senior Investigator Kelly and Senior Investigator Bour relative to the tracking of witness statements which were being saved onto the "share Drive" and which violated confidentiality and compromised this investigation. Upon notifying IAB of this, plaintiff was told that she should stay out of the office where she found the hand-written note and was insubordinate for viewing this note.

43. In February 2014, plaintiff was again re-assigned. However, she continued to be denied the ability to engage in her regular job duties.

44. On April 14, 2014, Senior Investigator Bour gave plaintiff a poor performance evaluation that was false.

45. On April 14, 2014, plaintiff was involved in an undercover operation in which her safety was jeopardized by a co-worker who was secretly videotaping plaintiff instead of the Target of this investigation.

46. Plaintiff was not given any undercover duties after April 14, 2014.

47.     IAB never advised plaintiff of the outcome of its investigation of plaintiff's sexual
        discrimination/sexual harassment complaint and no action was taken to remedy
        the complaints.

48.     On May 15, 2014, plaintiff was appropriately reviewing the "Share Drive" when
        she came across a memo authored by Investigator Michael Bruggman, which
        was written at the direction of Lt. McKee and contained false statements about
        plaintiff's attitude and sabotaging an investigation, as well as other false
        statements.

49.     Plaintiff informed Senior Investigator Bradley about the memo and asked that
        something be done about this.

50.     Lt. McKee falsely accused plaintiff of stealing files because she had viewed
        Investigator Bruggman's memorandum on the office's "Share Drive"
        notwithstanding that she was authorized to review anything on the "Share Drive".

51.     On May 15, 2014, plaintiff was told that she was being transferred out of CNET
        and that if plaintiff did not agree to the transfer a Personnel Complaint would be
        filed against plaintiff, which could result in the termination of plaintiff's
        employment.

52.     On May 16, 2014, plaintiff was escorted to her desk to retrieve her personal
        belongings, and turn in her equipment to include a Division-issued weapon.

53.     Plaintiff used her deceased father's holster to carry her Division-issued weapon.
        On May 16, 2014, while plaintiff was turning in her equipment, Lt. McKee took
        plaintiff's personal holster which has never been returned to plaintiff. Lt. McKee
        was aware of the sentimental value plaintiff attached to the holster and the
        emotional upset to her of having it taken from her.

54.     Effective May 16, 2014, plaintiff was involuntarily transferred to the Counter
        Terrorism Intelligence Unit ("CTIU").

55.     Since being transferred to the CTIU, plaintiff has been given virtually no job
        duties and spends her days at the office with virtually no work to do.

56.     Plaintiff's career has been significantly harmed by these actions.

57.     After being transferred to CTIU, a Level 4 Personnel Complaint was filed against
        plaintiff. The allegations in the Personnel Complaint are false.

58.     A Level 4 Personnel Complaint is the highest level of Personnel Action against a
        NYSP employee and may result in termination of employment.

59.     The Level 4 Personnel Complaint remains pending.

60.   The actions described in Paragraphs 26 – 59, above, were all in retaliation for plaintiff having engaged in protected conduct of filing a complaint about sex discrimination and sexual harassment.

61.   On September 15, 2014, plaintiff filed a complaint alleging sex discrimination and sexual harassment with the United States Equal Employment Opportunity Commission ("EEOC").

62.   By determination dated January 29, 2015, the EEOC determined that defendant retaliated against plaintiff by transferring plaintiff to a different unit after plaintiff filed her internal complaint.

63.   The EEOC stated in its Determination that the defendant admitted that it transferred plaintiff as a direct result of plaintiff filing a covered complaint.

64.   The EEOC in its Determination found that there is reasonable cause to believe that Respondent discriminated against plaintiff on account of plaintiff's gender and in retaliation for engaging in a protected activity of filing plaintiff's complaint of gender discrimination and issued a Notice of Right To Sue Letter.  A copy of the EEOC Determination and Notice of Right To Sue Letter is attached hereto.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
Phone: (716) 551-4442
Fax: (716) 551-4387

John E. Thompson Jr.,
Director

# DETERMINATION

**Charging Party**                                   **Charge No: 525-2014-00792**
Jean Oliver
2 South Shore Drive
Elma, NY 14059

**Respondent**
New York State Police
4525 West Saile Drive
Batavia, NY 14020

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). Respondent New York State Police is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage have been met.

Charging Party believes that she has been subject to different terms and conditions of employment, transferred, harassed, intimidated, disciplined, and threatened in retaliation for complaining about gender discrimination and sexual harassment. Charging Party is an investigator for the NYS Police.

Respondent denies discriminating against Charging Party. In its position statement, Respondent asserts that the conduct alleged by Charging Party does not violate Title VII. Respondent argues that any adverse employment action taken was for a legitimate business purpose and not for retaliatory or gender-based discriminatory purposes. Respondent states Charging Party was transferred because the senior investigators assigned to her region were either targets or potential targets of her internal EEO complaint and keeping Charging Party with them would be a disservice to all involved parties and not in the best interest of the division. Respondent further states that Charging Party requested subsequent transfers and was granted the same. Charging Party experienced performance issues and was disciplined accordingly.

The Commission's investigation reveals that Respondent did initially retaliate against Charging Party. After Charging Party filed her internal complaint she was immediately retaliated against by being transferred to a different unit. Respondent admitted that it transferred Charging Party as a direct result of her filing a covered complaint. This is clearly retaliatory as it is a direct result of Charging Party exercising her rights under Title VII. Additionally, this action creates a

Charge No. 525-2014-00792

chilling effect as it sends a message to others that if they complain, they will be subject to
different terms and conditions of employment.  Such actions discourage others from coming
forward and exercising their rights for fear of retaliatory involuntary transfer, or worse.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the
Commission has determined that there is reasonable cause to believe that Respondent has
discriminated against Charging Party on account of her gender and in retaliation for engaging in
a protected activity of filing her initial internal complaint of gender discrimination.  Additional
allegations were not supported by the evidence available, occurred under different supervisors
and decision makers, and appear to be legitimate concerns with Charging Party's performance.

This determination is final. Title VII of the Civil Rights Act of 1964 requires that, if the
Commission determines that there is reasonable cause to believe that violations have occurred, it
shall endeavor to eliminate the alleged unlawful employment practices by informal methods of
conference, conciliation, and persuasion.  Having determined that there is reason to believe that
violations have occurred, the Commission now invites Respondent to join with it in an effort
toward a just resolution of this matter.  Enclosed is a letter outlining the proposed terms of
conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only
be made in accordance with Title VII of the Civil Rights Act of 1964 and the Commission's
Procedural Regulations.  The confidentiality provisions of Sections 706 and 709 of Title VII and
Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's
representative is unable to secure an acceptable conciliation agreement, the Director shall so
inform the parties, advising them of the court enforcement alternatives available to aggrieved
persons and the Commission.

With respect to the allegations where cause was not found, the Charging Party may only pursue
this matter by filing suit against the Respondent within 90 days of receipt of this letter.
Otherwise, the Charging Party's right to sue will be lost.

On behalf of the Commission:

John E. Thompson Jr., Director
Buffalo Local Office

JAN 2 9 2015
_____
Date