UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEAN OLIVER,

                Plaintiff,

- v -                            Civ. No. 1:15-CV-0444
                                      (BKS/DJS)

NEW YORK STATE POLICE, *et al.*,

                Defendants.

**APPEARANCES:**                                OF COUNSEL:

JEAN OLIVER
Plaintiff, *Pro Se*
2 South Shore Drive
Elma, NY 14059

HARRIS BEACH, PLLC                      DANIEL J. MOORE, ESQ.
Attorney for State Police Defendants        JOSHUA D. STEELE, ESQ.
99 Garnsey Road
Pittsford, NY 14534

GLEASON DUNN WALSH & O'SHEA      LISA F. JOSLIN, ESQ.
Attorney for Defendant McKee
40 Beaver Street
Albany, NY 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

     At Plaintiff's request, the Court has scheduled a discovery hearing for April 23, 2019 to address concerns raised by Plaintiff regarding documentary disclosure that has taken place to date. Presently at issue is the scope of that hearing.

In a letter dated March 11, 2019, Plaintiff sought a hearing to address allegations against Defendants and their counsel that certain documents produced in discovery had been "sanitized" and/or "recreated and reproduced." Dkt. No. 209. That request was referred to the undersigned for consideration. Dkt. No. 210. The Court then held a telephone conference with all parties regarding this request on March 26, 2019. Following that conference, the Court entered a Text Order granting Plaintiff's request "for a discovery hearing regarding her claim that certain documents provided during the course of discovery were altered or falsified, and that sanctions under Rule 37 are appropriate." Dkt. No. 219. To facilitate the hearing, the Court directed that Plaintiff make certain submissions regarding matters at issue, specifically identifying documents and potential witnesses, by April 2, 2019. *Id.* Defendants were directed to respond by April 8, 2019. *See* Text Minute Entry dated March 26, 2019.

Plaintiff's submissions were docketed on March 29, 2019 and included hundreds of pages of documents and requests for judicial subpoenas for twelve individuals. Dkt. No. 224. Defendants filed their responses on April 8, 2019. Dkt. Nos. 225 & 226. The next day, the Court held a conference with the parties to address issues raised by their submissions. Text Minute Entry for April 9, 2019. During the conference, the Court advised the parties of certain rulings which were memorialized in a Text Order the next day, April 10, 2019. Specifically, the Court granted in part and denied in part Plaintiff's request for judicial subpoenas to compel testimony at the upcoming hearing, advised the parties of the limited scope of the hearing, and otherwise addressed hearing logistics. Dkt. No. 228. On April 10, 2019, Plaintiff mailed a letter to the Court which is now docketed

as a Motion for Reconsideration. Dkt. No. 231, Pl.'s Motion. For the reasons set forth below, the Motion is Denied.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The instant Motion makes no argument that there has been an intervening change in the controlling law in the few days between the Court's conference with the parties and this Motion. Nor does the Motion rely on any newly discovered evidence. Plaintiff, therefore, is entitled to relief only if she can demonstrate a clear error of law or the presence of a manifest injustice. *Delaney v. Selsky*, 899 F. Supp. at 925.

It is well-established that "magistrate judges are afforded broad discretion in resolving discovery disputes." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2013 WL 1680684, at *3 (E.D.N.Y. Apr. 17, 2013) (internal quotations and citations omitted). After considering the arguments of the parties and reviewing their submissions, the Court

entered several orders to provide for the orderly conduct of the scheduled hearing consistent with the basis for the hearing which, as noted above, is to address Plaintiff's claim "that certain documents provided during the course of discovery were altered or falsified." Dkt. No. 219. Plaintiff now makes numerous objections, discussed in more detail below. Having considered those objections, I conclude that the most recent order was neither clearly erroneous nor will it result in any manifest injustice to Plaintiff and the Motion, therefore, is denied.

Plaintiff first appears to object to the timing of the Court's April 10th ruling. Pl.'s Motion at p. 1 ("the Court never indicated that it was going to wait until two weeks before my hearing to suddenly advise me" regarding the scope of the hearing). As the timeline provided above indicates, the Court has moved expeditiously to schedule this hearing and held the conference now at issue the day after final submissions were made by the parties. The Court has held several conferences regarding this hearing and has specifically advised the parties as to the scope of the hearing throughout. Plaintiff is very familiar with the underlying facts of this case and fails to establish any prejudice from the schedule outlined by this Court.

Plaintiff next objects to this Court's ruling which excluded from consideration at the hearing issues concerning Plaintiff's allegation that certain firearms records relative to weapons owned by Plaintiff have been forged. Pl.'s Motion at p. 2. Plaintiff sought to introduce records and call witnesses on this issue. Dkt. No. 224. This matter was excluded from the upcoming hearing because of a prior agreement of the parties and Order of this Court which delayed expert discovery on this question until after a decision on

4

dispositive motions to be made by Defendants. *See* Dkt. No. 176. At the time of that Order, Plaintiff had not served a final report from her expert, Defendants had not deposed Plaintiff's expert, or retained an expert of their own. *Id.* Plaintiff now wishes to present evidence regarding the alleged falsification of firearms records, including the testimony of her expert witness. Dkt. No. 224. Based on the prior Order that request was denied. The Court's Order makes no final determination regarding Plaintiff's claims as to these records. It simply comports with a prior agreement of the parties that this matter would be held in abeyance. Dkt. No. 176; *see also* Pl.'s Motion at p. 2 ("the parties initially agreed during Discovery that we would forego further and costly analysis on the part of the Defendants"). The Court finds no error in this conclusion. Indeed, to have permitted Plaintiff to raise this issue at the hearing would have been manifestly unjust to Defendants who would have been forced to address Plaintiff's claims without the benefit of a final report from Plaintiff's expert, the opportunity to have deposed that expert, and the opportunity to present an expert of their own. The Court will set an appropriate schedule for expert disclosure on this matter, to the extent necessary, after dispositive motions have been decided.

Plaintiff also takes exception to this Court's Order that issues concerning the availability of a voicemail on Plaintiff's work-issued cellphone would not be a part of this hearing. Pl.'s Motion at p. 2. This issue has been raised numerous times by Plaintiff and amply addressed in several prior Orders. *See* Dkt. Nos. 179 at pp. 4-5 & 218 at p. 11. As such, this is clearly an attempt simply to relitigate this issue which is not a proper basis

for reconsideration. *Brown v. City of Oneonta, New York*, 858 F.Supp. 340, 342 (N.D.N.Y. 1994).

Nor has Plaintiff established any other basis for reconsideration as to this issue. Plaintiff believes the cellphone contains a congratulatory voicemail message which is favorable to the allegations she has made in the case and has repeatedly claimed that Defendants failed to preserve the phone. Pl.'s Motion at p. 2; *see also* Dkt No. 179 at p. 4. This Court has issued several rulings finding that such a message is not proportionally relevant to this litigation and as a result declining to order that a code to unlock the phone, which the State Police consistently maintains has been preserved, be generated. Dkt. Nos. 179 & 218. Given that Defendants have never been ordered by the Court to gain access to the phone, it was neither clearly erroneous nor manifestly unjust to exclude the issue from a hearing to assess whether Defendants have violated their discovery obligations under the Federal Rules of Civil Procedure.

Plaintiff next objects to the Court's Order permitting Defendant Timothy Owens to testify *via* telephone. Pl.'s Motion at p. 2. The Court directed that Owens may testify in this manner as a result of certain scheduling and logistical considerations. FED. R. CIV. P. 43(a) specifically provides that under certain circumstances "the court may permit testimony in open court by contemporaneous transmission from a different location." Courts have specifically recognized that that this may include testimony by telephone. *See, e.g., Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013); *Dagen v. CFC Group Holdings, Ltd.*, 2003 WL 22533425, at *1 (S.D.N.Y. Nov. 7, 2003). Other courts have recognized the utility of telephonic testimony for evidentiary hearings. *See In re*

6

*Zyprexa Prod. Liab. Litig.*, 2009 WL 791488, at *1 (E.D.N.Y. Mar. 23, 2009) (directing expert witnesses to appear in person or by phone for evidentiary hearing regarding whether to exclude their testimony). Given these authorities, the scope of Owens' testimony, and the fact that this is not a matter for a jury, the Court concludes that it was not clear error to direct that telephonic, rather than in person testimony, take place for this one witness. The Court has implemented appropriate safeguards by requiring that all documents about which he might be questioned be provided to Owens prior to his testimony. Nor has Plaintiff demonstrated that permitting this form of testimony would be manifestly unjust.

Finally, Plaintiff objects that she was not advised that as part of the Court's *in camera* review of a voluminous number of personnel complaints in this case that the Court was "withholding or removing pages and/or portions of these Personnel Complaints before directing" disclosure to Plaintiff. Pl.'s Motion at p. 3. The process for conducting such review has, in fact, been explained to Plaintiff on numerous occasions. Moreover, in circumstances in which documents were provided for review and the Court concluded that some, but not all documents, should be disclosed to Plaintiff, the Court has issued orders specifically identifying the material to be provided. *See, e.g.*, Dkt. No. 198. Plaintiff's arguments, therefore, are no basis for reconsideration.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 231) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties.

Date: April 16, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge