## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK



JEAN OLIVER,

                         Plaintiff,          1:15-cv-00444 (BKS/DJS)

v.

NEW YORK STATE POLICE, WAYNE OLSON,
in his individual capacity, MARTIN MCKEE, in
his individual capacity, and PAUL KELLY, in his
individual capacity.

                        Defendants.

**Hon. Brenda K. Sannes, United States District Judge:**

**VERDICT SHEET**

## Hostile Work Environment Claim
## 42 U.S.C. § 1983

1. Did Plaintiff Jean Oliver prove, by a preponderance of the evidence, every element of her hostile work environment claim against Defendant Paul Kelly?

   Yes_____   No__X__

   **If you answered Yes, proceed to the next question. If you answered No, skip Questions 2 and 3 and proceed to Question 4.**

2. What amount, if any, do you award as compensatory damages against Defendant Paul Kelly? (*Please Note*: If you find that the Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in the sum of $1.00, evidencing that liability has been proved.)

   $ __—__

   **Proceed to Question 3.**

3. Do you find that Plaintiff Jean Oliver is entitled to an award of punitive damages in connection with her hostile work environment claim against Defendant Paul Kelly?

   Yes_____   No__—__

   **Proceed to Question 4.**

## Retaliation Claim – Assignment to Timothy Bour's Team
## New York State Human Rights Law

4. Did Plaintiff Jean Oliver prove, by a preponderance of the evidence, every element of her retaliation claim against Defendants Wayne Olson and/or Martin McKee in connection with Plaintiff's assignment to Timothy Bour's team?

   Wayne Olson     Yes_____   No__X__

   Martin McKee    Yes_____   No__X__

   **If you answered Yes as to either Defendant Wayne Olson or Defendant Martin McKee, or both, proceed to Question 5. If you answered No as to both Defendant Wayne Olson and Defendant Martin McKee, skip Question 5 and proceed to Question 6.**

5. What amount, if any, do you award as compensatory damages in connection with Plaintiff's assignment to Timothy Bour's team? The liable defendants (if more than one) are jointly and severally liable for whatever compensatory damages you determine the plaintiff has suffered. Accordingly, the jury should calculate a single sum for the plaintiff's compensatory damages. (*Please Note*: If you find that the Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in the sum of $1.00, evidencing that liability has been proved.)

    $ ——

    **Proceed to Question 6.**

    ### Retaliation Claim – Undercover Duties
    ### Title VII and New York State Human Rights Law

6. Did Plaintiff Jean Oliver prove, by a preponderance of the evidence, every element of her retaliation claim against Defendants New York State Police and/or Wayne Olson in connection with the removal of Plaintiff's undercover duties?

    New York State Police      Yes_____   No  X

    Wayne Olson                Yes_____   No  X

    **If you answered Yes as to either Defendant New York State Police or Defendant Wayne Olson, or both, proceed to Question 7. If you answered No to both Defendant New York State Police and Defendant Wayne Olson, skip Question 7 and proceed to Question 8.**

7. What amount, if any, do you award as compensatory damages in connection with the removal Plaintiff's undercover duties? The liable defendants (if more than one) are jointly and severally liable for whatever compensatory damages you determine the plaintiff has suffered. Accordingly, the jury should calculate a single sum for the plaintiff's compensatory damages. (*Please Note*: If you find that the Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in the sum of $1.00, evidencing that liability has been proved.)

    $ ——

    **Proceed to Question 8.**

**Retaliation Claim – Transfer to the Counter Intelligence Terrorism Unit (CTIU)**
**Title VII and New York State Human Rights Law**

8. Did Plaintiff Jean Oliver prove, by a preponderance of the evidence, every element of her retaliation claim against Defendants New York State Police and/or Martin McKee in connection with Plaintiff's transfer from CNET West to the Counter Terrorism Intelligence Unit?

   New York State Police      Yes_____    No __X__

   Martin McKee               Yes_____    No __X__

   **If you answered Yes as to either Defendant New York State Police or Defendant Martin McKee, or both, proceed to Question 9. If you answered No to both Defendant New York State Police and Defendant Martin McKee, you are finished with your deliberations and the Foreperson should sign and date this Verdict Sheet.**

9. What amount, if any, do you award as compensatory damages in connection with Plaintiff's transfer to the Counter Terrorism Intelligence Unit? The liable defendants (if more than one) are jointly and severally liable for whatever compensatory damages you determine the plaintiff has suffered. Accordingly, the jury should calculate a single sum for the plaintiff's compensatory damages. (*Please Note*: If you find that the Plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in the sum of $1.00, evidencing that liability has been proved.)

   $ _____

**The Foreperson should sign and date this Verdict Sheet and inform the Court Security Officer that a unanimous verdict has been reached.**

Foreperson ███████████████████     Date: __4-28-2022__

\*\*NAME REDACTED