UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEAN OLIVER,

                Plaintiff,

v.                                                      1:15-cv-00444 (BKS/DJS)

NEW YORK STATE POLICE, et al.,

                Defendants.
_____

**Hon. Brenda K. Sannes, Chief United States District Court Judge:**

## ORDER DENYING REQUEST FOR RECUSAL

Plaintiff pro se Jean Oliver brought this employment discrimination and retaliation action against her former employer, Defendant New York State Police ("NYSP") and ten NYSP employees, including several of her former supervisors. (Dkt. No. 37). Presently before the Court is Plaintiff's affirmation and motion for judicial recusal under 28 U.S.C. § 455. (Dkt. No. 480). Defendants opposed Plaintiff's motion, (Dkt. No. 496), and Plaintiff replied. (Dkt. No. 497). For the following reasons, Plaintiff's motion is denied.

At the summary judgment stage, following extensive discovery, the Court dismissed a number of claims and all but three individual defendants, leaving causes of action against Defendants NYSP, Wayne Olson, Martin McKee, and Paul Kelly, under, inter alia, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. *Oliver v. New York State Police*, No. 15-cv-00444, 2020 WL 1989180, at *53, 2020 U.S. Dist. LEXIS 73284, at *168–70 (N.D.N.Y. Apr. 27, 2020). Following the denial of Plaintiff's two motions for reconsideration, the action was deemed trial ready. (Dkt. No. 330; Text Minute Entry, May 21, 2020). On May 27, 2020, Plaintiff filed a motion for recusal alleging bias and

favoritism toward defense counsel and challenging the Court's ability to preside over this action in a fair and impartial manner. (Dkt. No. 335, at 1). The Court denied Plaintiff's motion, finding Plaintiff's allegations provided no basis for recusal. (Dkt. No. 339). In denying Plaintiff's motion, the Court considered whether the fact that the name of Attorney Thomas Capezza, who was employed by the NYSP beginning in 2011, had arisen in this action and that Plaintiff had named Capezza as a defendant in a second action,[1] also pending at the time before this Court, warranted recusal. The Court concluded it did not, and explained as follows:

> [P]rior to . . . Capezza's employment with the NYSP in 2011, he worked as an Assistant United States Attorney in the United States Attorney's Office for the Northern District of New York. I was an Assistant United States Attorney in that office during the time Mr. Capezza worked there. Since at least 2003, we worked in different offices and in different areas: Mr. Capezza was a trial-line prosecutor in Albany; I worked in Los Angeles (on a detail) for two years and then returned to Syracuse, where I served as the Appellate Chief until I was appointed a federal district court judge in 2014. My relationship with Mr. Capezza during his employment with the United States Attorney's office was purely professional in nature and ended when he left. I have had no contact with Mr. Capezza since he left the United States Attorney's office and know of no facts that would warrant recusal on this basis. *Lovaglia*, 954 F.2d at 815 ("Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required."); *see also id.* at 816 (finding disqualification not required where the trial judge "has had no business or social relationship with anyone" connected to the company the defendants had victimized for "since seven or eight years ago when any relationship 'drifted away and ceased'").

(Dkt. No. 339, at 5–6).

---

[1] *Oliver v. New York State Police et al.*, No. 19-cv-0233 (BKS/DJS) (N.D.N.Y.), *dismissed* 2020 WL 1849484, at *11, 2020 U.S. Dist. LEXIS 64150, at *30–32 (N.D.N.Y. April 13, 2020), *amendment denied*, Dkt. Nos. 41, 42, *dismissal aff'd sub nom. Oliver v. Penny*, No. 21-111, 2022 WL 2165814 (2d Cir. June 16, 2022).

The Court held a jury trial on this matter from April 18 to 28, 2022. On April 28, 2022, the jury returned a verdict finding Plaintiff failed to prove her remaining claims by a preponderance of the evidence and on April 29, 2022, the Court entered judgment accordingly. (*See* Dkt. No. 459 (Verdict Sheet); Dkt. No. 460 (Judgment)). On April 29, 2022, Plaintiff filed a motion to set aside the judgment. (Dkt. No. 463). On May 29, 2022, Plaintiff filed an affirmation and motion seeking judicial recusal under 28 U.S.C. § 455. (Dkt. No. 480).

In the present motion for recusal, Plaintiff compares a recent "fair and impartial jury trial" in the Southern District of New York, in which two former NYSP members had "a full and fair opportunity" to present all of the facts in their case and prevailed in their claims against the NYSP, (Dkt. No. 480, at 2–3 (citing *Lyons v. NYSP*, No. 15-cv-03669 (PED) (S.D.N.Y.)), to her own trial, where, Plaintiff alleges, the Court "force[d] Plaintiff to withhold evidence," "refused to allow Plaintiff to question the Defendants" regarding statements they made about events leading to her termination, and refused to allow Plaintiff to call witnesses "who wanted to speak on her behalf," (*id.*). Plaintiff also questions the Court's ability to preside over this case on the ground that the undersigned's husband, Steven Clymer, an Assistant United States Attorney in the United States Attorney's Office for the Northern District of New York, also worked with Capezza in the United States Attorney's Office prior to 2011, when Capezza began employment with the NYSP. (*Id.* at 4; Dkt. No. 339, at 5).

Under 28 U.S.C. § 455(a) a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The purpose of § 455(a) "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). The proper inquiry is

3

whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). "A judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (citation omitted). "'[J]udicial rulings alone' the [Supreme] Court [has] observed, 'almost never constitute a valid basis for a bias or partiality motion' and 'can only in the rarest circumstances evidence the degree of favoritism or antagonism'" that would warrant recusal. *In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 644 (2d Cir. 1995) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994) (alteration in original)).

Further, under 28 U.S.C. § 455(b)(5)(i)–(iv), disqualification is required when a judge's spouse "[i]s a party to the proceeding," "[i]s acting as a lawyer in the proceeding," "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding," or "[i]s to the judge's knowledge likely to be a material witness in the proceeding."

Plaintiff has not identified any proper basis for recusal and, after carefully reviewing the record as well as Plaintiff's present affirmation and motion for recusal, I am not aware of any basis for recusal. I am not aware of any facts that would lead an objective observer to question my impartiality in this proceeding or any facts that would support disqualification under 28 U.S.C. §§ 455(b)(1), (5)(i)–(iv) or 144. Disagreement with the Court's rulings is an insufficient basis for recusal. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) ("Generally, claims of judicial bias must be based on extrajudicial matters, and

4

adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."). The fact that my husband, Steven Clymer, also worked in the United States Attorney's Office for the Northern District of New York where Thomas Capezza was an Assistant United States Attorney before he left to work for the New York State Police in 2011 is not a basis for recusal. (Dkt. No. 339). The relationship that my husband and I had with Mr. Capezza during his employment with the United States Attorney's Office was purely professional in nature and ended when Mr. Capezza left. I know of no facts that would warrant recusal on the basis of my husband's employment at the United States Attorney's Office. I therefore conclude that recusal would be inappropriate.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for recusal (Dkt. No. 480) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2023
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge